# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DARYL COCHRAN,

    Petitioner,

-vs-

WARDEN, London Correctional Institution,

    Respondent.

Case No. 3:09-cv-150

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Daryl Cochran, is before the Court for initial review under Rule 4 of the Rules Governing § 2254 Cases.

The Petition discloses that Petitioner was convicted on his plea of guilty to counts of murder, aggravated robbery, and tampering with evidence in the Clark County Common Pleas Court on February 15, 2000 (Petition, Doc. No. 1, at ¶ 2.) On the same day he was sentenced to thirty years to life in prison for these offenses. He took no direct appeal within the thirty days allowed for appeal of right by Ohio law. However, November 13, 2008, he filed an application for delayed appeal with the Clark County Court of Appeals. That court denied leave to appeal on December 15, 2008, and the Ohio Supreme Court declined to exercise jurisdiction over an appeal from that order. (Petition, Addenda A and B). Mr. Cochran then filed the instant Petition.

28 U.S.C. §2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Applying § 2244 to this case, it is clear that the Petition is barred by the statute of limitations. Because Petitioner did not take a direct appeal of right, his conviction became final for purposes of this statute thirty days after conviction, or March 19, 2000. The statute started to run on that date and expired one year later on March 19, 2001. The Petition was not filed until April 17, 2009, more than eight years later. While Petitioner's application for delayed appeal might have stayed the running of the statute if it had been filed within the one-year limit, a habeas petitioner cannot re-start

the statute by filing such an application after the statute has run.  *Searcy v. Carter*, 246 F.3d 515 (6th Cir. 2001).

Because the Petition is barred by the statute of limitations, it should be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied any requested certificate of appealability and the Court should certify that any appeal would be objectively frivolous and therefore could not proceed *in forma pauperis*.

April 17, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\Cochran Habeas R&R.wpd